UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.   14 CR 551 |
| v. | ) | |
| | ) | Judge Harry D. Leinenweber |
| MICHAEL COSCIA | ) | |
| | ) | |

**FILED**

NOV 3 2015

JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

## **JURY INSTRUCTIONS**

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. I will also give each of you a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved defendant Michael Coscia guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

Instruction No. 1

The charges against Mr. Coscia are in a document called an indictment. You will have a copy of the indictment during your deliberations,

The indictment in this case charges Mr. Coscia with the crimes of commodities fraud and engaging in spoofing. Mr. Coscia has pled not guilty to the charges.

The indictment is simply the formal way of telling Mr. Coscia what crimes he is accused of committing. It is not evidence that Mr. Coscia is guilty. It does not even raise a suspicion of guilt.

Instruction No. 2

Mr. Coscia is presumed innocent of each and every one of the charges. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that Mr. Coscia is guilty as charged.

The government has the burden of proving Mr. Coscia's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

Mr. Coscia is never required to prove his innocence. He is not required to produce any evidence at all.

Instruction No. 3

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to. A stipulation is an agreement that certain facts are true.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

Instruction No. 4

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

Instruction No. 5

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

Instruction No. 6

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

Instruction No. 7

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness' testimony, including that of Mr. Coscia. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the intelligence of the witness;

- the witness' ability and opportunity to see, hear, or know the things the witness testified about;

- the witness' memory;

- the witness' demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness' testimony in light of the other evidence presented; and

- inconsistent or consistent statements or conduct by the witness.

Instruction No. 8

It is proper for an attorney to interview any witness in preparation for trial.

Instruction No. 9

You have heard evidence that before the trial, Mr. Coscia made statements that may be inconsistent with his testimony here in court. You may consider an inconsistent statement by Mr. Coscia made before the trial to help you decide how believable Mr. Coscia's testimony was here in court, and also as evidence of the truth of whatever Mr. Coscia said in the earlier statement.

Instruction No. 10

You have heard testimony about Mr. Coscia's good character and character for honesty and integrity. You should consider this testimony together with and in the same way you consider the other evidence.

Instruction No. 11

You have heard witnesses, namely Matthew Evans, Adam Warren, and Hendrick Bessembinder, who gave opinions and testimony. You do not have to accept these witnesses' opinions and testimony. You should judge these witnesses' opinions and testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider the witnesses' qualifications, how he reached his opinions, and the factors I have described for determining the believability of testimony.

Instruction No. 12

You have heard testimony from Mr. Coscia given in a prior proceeding. This is proper evidence that you should consider together with and in the same way you consider the other evidence.

Instruction No. 13

Certain summaries were admitted in evidence. You may use those summaries as evidence.

Instruction No. 14

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

Instruction No. 15

Mr. Coscia has been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision.

You must consider each charge separately. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charges.

Instruction No. 16

In deciding your verdict, you should not consider the possible punishment for Mr. Coscia. If you decide that the government has proved Mr. Coscia guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

Instruction No. 17

A person acts knowingly if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether Mr. Coscia acted knowingly, you may consider all of the evidence, including what Mr. Coscia did or said.

Instruction No. 18

Counts One through Six of the indictment charge Mr. Coscia with commodities fraud.

In order for you to find Mr. Coscia guilty of this charge, the government must prove each of the four following elements beyond a reasonable doubt:

1. there was a scheme to defraud any person as charged in the indictment; and

2. Mr. Coscia knowingly executed the scheme; and

3. Mr. Coscia acted with the intent to defraud; and

4. the scheme was in connection with any commodity for future delivery.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find Mr. Coscia guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find Mr. Coscia not guilty of that charge.

Instruction No. 19

A scheme is a plan or course of action formed with the intent to accomplish some purpose.

A scheme to defraud any person means a plan or course of action intended to deceive or cheat another. A scheme to defraud need not involve any false statement or misrepresentation of fact. A scheme to defraud must be material, which means it is capable of influencing the decision of the person to whom it is addressed.

A scheme to defraud is in connection with any commodity for future delivery if it coincided with or touched upon a commodities transaction.

Instruction No. 20

A person acts with intent to defraud if he acts knowingly with the intent to deceive or cheat the victim in order to cause a gain of money or property to Mr. Coscia or another or the potential loss of money or property to another.

Instruction No. 21

The commodities fraud statute can be violated whether or not there is any loss or damage to the victim of the crime or gain to Mr. Coscia.

The government need not prove that the scheme to defraud actually succeeded.

Instruction No. 22

If Mr. Coscia acted in good faith, then he lacked the intent to defraud required to prove the offense of commodities fraud charged in Counts One through Six of the Indictment. Here, if you find that Mr. Coscia honestly believed that his trading strategy was not fraudulent and not intended to deceive other market participants, then he acted in good faith and without intent to defraud.

Mr. Coscia does not have to prove his good faith. Rather, the government must prove beyond a reasonable doubt that Mr. Coscia acted with intent to defraud as charged in Counts One through Six of the Indictment.

Instruction No. 23

Counts Seven through Twelve of the indictment charge Mr. Coscia with a violation of the anti-spoofing statute. In order for you to find Mr. Coscia guilty of this charge, the government must prove two elements beyond a reasonable doubt.

The first element the government must prove beyond a reasonable doubt is that Mr. Coscia engaged in any trading, practice, or conduct, on and subject to the rules of CME Group markets, that was "spoofing."

"Spoofing" is defined as "bidding or offering with the intent to cancel the bid or offer before execution." To find this element satisfied, you must find that the government has proven beyond a reasonable doubt that, at the time Mr. Coscia entered the bid or offer specified in the Count that you are considering, he intended to cancel the entire bid or offer before it was executed, and that he did not place the bid or offer as part of a legitimate, good-faith attempt to execute at least part of that bid or offer. The government must prove that Mr. Coscia had the purpose or conscious desire to cancel his bid or offer before it was executed. It is not, however, sufficient for the government to prove that Mr. Coscia knew or should have known that the consequence -- that is, cancellation of the bid or offer before execution -- was substantially likely to occur.

The second element the government must prove beyond a reasonable doubt is that Mr. Coscia acted knowingly.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find Mr. Coscia guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find Mr. Coscia not guilty of that charge.

Instruction No. 24

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as cell phone, smart phone, iPhone, Blackberry, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, LinkedIn, YouTube, and Twitter, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

Instruction No. 25

A verdict form has been prepared for you. You will take this form with you to the jury room.

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict form. The presiding juror will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdicts aloud.

Instruction No. 26

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

Instruction No. 27